**Ricardo LOPEZ, Petitioner–Appellant,**

v.

**Scott KERNAN, Warden; et al., Respondents–Appellees.**

No. 05–16279.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Ricardo Lopez, Ione, CA, pro se.

Margaret J. Littlefield, Esq., Law Office of Michael Satris, Bolinas, CA, for Petitioner–Appellant.

Lisa A. Tillman, Esq., Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

California state prisoner Ricardo Lopez appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, see *McQuillion v. Duncan*, 306 F.3d 895, 899 (9th Cir.2002), and we affirm.

The State contends that this Court lacks jurisdiction because there is no federally protected interest in parole release in California, and thus, Lopez has failed to state a federal claim. This contention is foreclosed. *See Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127–28 (9th Cir. 2006).

Lopez contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violated his due process rights because the confidential evidence before the Board was unreliable. We conclude that some evidence supported the Board's finding that Lopez was involved with a prison gang and has not removed himself from gang membership for a sufficiently long period. The statements regarding Lopez's prison gang membership by confidential informants were sufficiently reliable because each informant independently supplied the same information about Lopez. *See Zimmerlee v. Keeney*, 831 F.2d 183, 186–87 (9th Cir. 1987) (per curiam) (reliability of confidential information may be established by, among other things, corroborating testimony). Accordingly, the denial of parole did not result in an unreasonable application of federal law, and Lopez is not entitled to federal habeas relief. *See* 28 U.S.C. § 2254(d).

We conclude that Lopez is not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2)(A).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.